**THE ROSEN LAW FIRM, P.A.**
Mr. Jacob A. Goldberg
Ms. Jing Chen
The Rosen Law Firm, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, Pennsylvania 19046
Telephone: (212) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
        jchen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEJANDRO HANDAL, Individually and on Behalf of all Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>TENET FINTECH GROUP INC. F/K/A PEAK FINTECH GROUP INC., JOHNSON JOSEPH, and JEAN LANDREVILLE,<br><br>      Defendants. | Case No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

Plaintiff Alejandro Handal ("Plaintiff"), on behalf of himself and all others similarly situated, and by and through his undersigned attorneys, as and for his complaint against Tenet Fintech Group Inc. f/k/a Peak Fintech Group Inc. ("Tenet" or the "Company"), Johnson Joseph and Jean Landreville (collectively, "Defendants") herein allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is an action to recover $1,250,000 due under a written, binding memorandum of understanding ("MOU," with its subsequent amendments, attached hereto as Exhibit 1) that

Defendants[1] executed through their counsel in *Handal et al v. Tenet Fintech Group Inc. f/k/a Peak Fintech Group Inc.*, 1:21-cv-06461-PKC-RER (E.D.N.Y.) (the "Securities Class Action").[2]

2.      In exchange for ending litigation against them, Defendants promised to pay $1,250,000 U.S. Dollars ("USD"), in cash, in five (5) installments, the last of which was due on December 1, 2024. In violation of the obligations to which they bound themselves, Defendants failed to pay or cause to be paid any of the installments, in whole or in part, breaching the MOU's express terms.

3.      As a result, Plaintiff and the Settlement Class he represented suffered damages.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. Complete diversity among the parties exists. The amount in controversy exceeds $75,000 USD.

5.      The Court has general personal jurisdiction over Defendants because they have had substantial and continuous business contacts with New York, including listing shares on the Nasdaq stock exchange, located in New York, New York. Further, Defendants submitted to personal jurisdiction of this Court in the Securities Class Action, their conduct in which has led to the filing of this action.

## PARTIES

6.      Plaintiff Alejandro Handal ("Mr. Handal") is the Court appointed lead plaintiff in the Securities Class Action. Mr. Handal lives in Florida. He represents the Settlement Class.

---

[1] Defendants are Tenet Fintech Group Inc., Johnson Joseph, and Jean Landreville.
[2] Unless otherwise defined herein, all capitalized terms shall have the meanings provided in the MOU, as amended, filed concurrently herewith as Exhibit 1.

7.     The Settlement Class is defined in the MOU as "all persons who purchased or otherwise acquired Tenet common stock between September 3, 2021 and October 13, 2021, both days inclusive ("Class Period"). The Settlement Class excludes (i) the officers and directors of Tenet and its affiliates and subsidiaries; (ii) members of the Tenet officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; (iii) any entity in which Defendants have or had a controlling interest; and (iv) those who opt-out of the Settlement Class. *See* MOU ¶3.

8.     Defendant Tenet purports to be the parent company of a group of financial technology subsidiaries operating in China's commercial lending industry. Tenet is incorporated in Canada and its headquarters is located at 82 Richmond St. E., Suite 305, Toronto, Ontario, Canada M5C 1P1. Tenet's shares trade over-the-counter ("OTC") under the ticker symbol "PKKFF." Through its registered agent, Tenet was served in the Securities Class Action on February 2, 2022. *See* Exhibit 2.

9.     On September 9, 2021, Tenet's shares began trading on the NASDAQ exchange under the ticker symbol "TNT". Immediately prior to market open on September 30, 2021, Tenet Fintech's shares were delisted from the NASDAQ exchange and resumed trading OTC under the ticker symbol "PKKFF". On October 27, 2021, the Company officially changed its name from Peak Fintech Group Inc. to Tenet Fintech Group Inc.

10.     Defendant Johnson Joseph ("Mr. Joseph") is a Defendant in the Securities Class Action. Upon information and belief, Mr. Joseph lives in Canada. Mr. Joseph signed a Registration Statement on Form 40-F with the SEC on September 2, 2021. Through his counsel, Mr. Joseph accepted personal jurisdiction in the Securities Class Action. *See* Exhibits 3 &4.

11.     Defendant Jean Landreville ("Mr. Landreville") is a Defendant in the Securities Class Action. Upon information and belief, Mr. Landreville lives in Canada. Through his counsel, Mr. Landreville accepted personal jurisdiction in the Securities Class Action. *See Id.*

## FACTUAL BACKGROUND

### Defendants Materially Breach a Valid and Binding Agreement

12.     On November 19, 2021, the Securities Class Action was filed against Defendants alleging violations of the Securities Exchange Act of 1934. *See* Securities Class Action, Dkt. No. 1, attached hereto as Exhibit 5. The court subsequently appointed Mr. Handal as lead plaintiff in that action, and approved his selection of The Rosen Law Firm, P.A. ("Rosen Law") as lead counsel. *Id.*, Dkt. No. 17, attached hereto as Exhibit 6.

13.     On April 11, 2022, and October 25, 2023, respectively, Plaintiff filed his first and second amended complaints. *Id.*, Dkt. Nos. 25 and 44, attached hereto as Exhibits 7&8. The amended complaints alleged violations of the Securities Act of 1933 as well as violations of the Securities Exchange Act of 1934.

14.     In mid-November of 2023, following the Court's granting, in part, and denying, in part, Defendants' motion to dismiss (*see* Securities Class Action, Dkt. No. 40, attached as Exhibit 9), the parties engaged in settlement discussions for three months following a mediation. *See* Securities Class Action, Dkt. No. 62, at 2, with Dkt. Nos. 61 & 64, attached hereto as Exhibit 10.

15.     On April 1, 2024, the parties to the Securities Class Action reached a settlement in principle to resolve the matter. *See Id.* The parties agreed on "key terms such as the settlement payment amount, the payment schedule and mutual release of all claims." *Id.*

16.    On April 8, 2024, the parties signed the MOU. The MOU stated that it was a "binding" agreement entered into between Defendants and Messrs. Handal, Dominique, and Hill. *See* MOU at 1.

17.    The MOU stated, in part, the following:

The Parties shall use their best efforts to prepare and execute a stipulation of settlement ("Stipulation") on the terms herein and on additional customary terms within forty-five (45 days of execution of this MOU. ***This MOU, however, shall remain binding and enforceable if the Parties fail to execute the Stipulation in that time period***.

*Id.* (Emphasis added).

18.    The MOU stated that "[i]n exchange for comprehensive, mutual 'Releases' of all Parties, ***Defendants agree to pay or to cause the payment of*** the 'Settlement Amount' to the Settlement Class[.]" *Id.* (Emphasis added).

19.    The MOU stated that $1,200,000 shall be paid "by Tenet into an escrow account" controlled by Defendants' counsel according to the following schedule":

- Payment 1 of $200,000 by April 30, 2024;
- Payment 2 of $200,000 by June 30, 2024;
- Payment 3 of $240,000 by August 31, 2024;
- Payment 4 of $280,000 by October 31, 2024;
- Payment 5 of $280,000 by December 31, 2024;
*Id.*

20.    Also on April 8, 2024, Tenet issued a press release in which it stated that it was "pleased to announce the settlement of" the Securities Class Action. *See* Exhibit 11. The press release stated that the terms of the settlement were set out in a "binding memorandum of understanding." *Id.*

21.    The press release stated:

In exchange for a full and final release of the Company and each defendant from the Plaintiff, the Company has agreed to pay the aggregate amount of [$1.2 million], to be

paid in five installments throughout the balance of 2024 with the last such installment by December 31, 2024. The Company has agreed to settle the Lawsuit to avoid further costly litigation.

*       *       *

The settlement is subject to a number of conditions[.] If the conditions are not met, the parties will return to their respective litigation positions prior to the settlement.

*Id.*

22.     Despite Defendants' demonstrated understanding of the binding nature of the MOU, they failed to pay the first installment of $200,000 by April 30, 2024.

23.     On May 10, 2024, after further negotiations, the parties agreed to amend the MOU to require Defendants to pay an additional $10,000 per installment, with the first installment's due date extended to May 24, 2024, in exchange for the consideration of Plaintiff' forbearance of Defendants' default. *See* Exhibit 1.

24.     On May 24, 2024, Defendants again defaulted on the first installment and sought forbearance until June 20, 2024. *Id*. Plaintiff, acting in good faith, agreed to extend the deadline for the first installment to June 20, 2024, and reported the update to the court. *Id*.

25.     Defendants defaulted a third time by failing to make a payment by the extended due date of June 20, 2024. *Id.* Plaintiff repeatedly reminded Defendants that, by June 30, 2024, two installments totaling over $420,000 were due under the amended MOU. *Id.*

26.     In response, Defendants initially stated that they would fund the settlement by July 3, 2024. *Id*. They did not. On July 4, 2024, Defendants informed Plaintiff that the "settlement has not been funded." *Id.*

27.    On October 7, 2024, Mr. Handal and Named Plaintiffs Donald Dominique and Jack Hill filed a motion to enforce the MOU (the "Motion") in the Securities Class Action. *See* Exhibit 10.

28.    In their memorandum of law in support of the Motion, Plaintiffs argued that Defendants had "defaulted on two installment payments, resulting in a material breach of the MOU, despite [Plaintiffs'] continuous good faith forbearance over the past four months," *See Id*.

29.    In their opposition to the Motion, Defendants did not contest that the MOU is a binding and valid contract. *See* Exhibit 12. Defendants argued that the Motion should be denied to the extent it seeks to hold Messrs. Joseph and Landreville jointly and severally liable with Tenet.[3]

30.    In oral argument on the motion to enforce the MOU, counsel for Defendants, again, did not dispute the binding nature of the MOU. In fact, counsel for Defendants stated that "they [(i.e., Defendants)] acknowledge the obligation[.]" *See* Exhibit 14 (transcript for the oral argument for the Motion)., Tr. 19:23. Counsel for Defendants further conceded that Defendants had not caused Tenet to pay. *Id*. Tr.19:22-23 ("[T]hey acknowledge the obligation… but my guess is if it were to happen, it will take longer."). During the oral argument, the Court, during oral argument, instructed Plaintiff to file a separate legal action against Defendants on the grounds of the contract dispute arising from Plaintiffs' seeking to enforce the MOU.

31.    On November 8, 2024, the Court entered a minute entry and order, finding that the MOU is enforceable, and each Defendant can satisfy their obligation under the MOU by either

---

[3] Plaintiffs' Motion reply brief is attached hereto as Exhibit 13.

"paying" or "causing to be paid" the Settlement Amount. The November 8 order denied the

Motion to the extent it sought a judgment. Specifically, the order states that:

> Oral argument was held before Judge Pamela K. Chen on 11/8/2024
> regarding 61 Plaintiffs' Motion to Enforce the Memorandum of Understanding.
> Appearances by Jacob A. Goldberg for Plaintiffs, and Douglas P. Baumstein for
> Defendants. Case called. Discussion held. Arguments made. For the reasons stated
> on the record, Plaintiffs' Motion to Enforce the Memorandum of Understanding is
> granted in part and denied in part. As stated on the record, ***the Court held that the***
> ***Memorandum of Understanding is enforceable as to all Defendants and that***
> ***Paragraph 2 unambiguously provides that each Defendant can satisfy their***
> ***obligation under the agreement by either "paying" or "causing to to [sic] be***
> ***paid" the Settlement Amount.*** Plaintiffs' Motion to Enforce the Memorandum of
> Understanding is denied to the extent that it seeks a judgment. No judgment shall
> issue at this time. As a result, no pre- or post-judgment interest shall be awarded at
> this time, either.

> (Emphasis added).

32.     As of the date of this action, Defendants have not paid a dollar into the settlement

fund to compensate victims who were harmed by Defendants' alleged violations of the federal

securities laws.

33.     Plaintiff and the Settlement Class bring this action in accordance with the Court's

instruction issued at the oral argument for the Motion. See Exhibit 14, Tr. 41:11-41:25.

**Count I**
**Breach of Contract**
<u>**Against All Defendants**</u>

34.     Plaintiff repeats and realleges each and every allegation contained above as if fully

set forth herein.

35.     Plaintiff and Defendants are parties to the MOU, and the written amendment

thereto both of which are valid and binding contracts supported by consideration.

8

36.     In exchange for Plaintiff's forbearance from continuing to prosecute this case, and after losing in part on a motion to dismiss, through the MOU, Defendants agreed to settle this case for $1.25 million. They did this in order to avoid the costs of further litigation.

37.     Under the MOU, defendants are required to "pay or cause the payment of," the Settlement Amount. To date, neither Tenant nor Messrs. Joseph and Landreville have paid, or caused the payment of, the Settlement Amount.

38.     After failing to make payments due on the MOU, Plaintiff in good faith allowed Defendants to delay payment until a later date on the first payment, in exchange for a further $10,000 on each installment. Defendants have not made any payments.

39.     As a result of the failure to pay, Defendants are in breach of the MOU. This has damaged the Settlement Class Members who were harmed by Defendants' alleged violations of the federal securities laws.

40.     By failing to make any payment whatsoever on the monies due under the MOU, Defendants have breached the contract, causing damages to Plaintiff and the Settlement Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request the entry of judgment in their favor and against Defendants as follows: (i) compensatory damages in an amount to be proven at trial but in no event less than $1,250,000; (ii) pre-judgment interest, costs, expenses, and attorneys' fees incurred by Plaintiff; and (iii) such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  April 21, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Jacob A. Goldberg
Mr. Jacob A. Goldberg
Ms. Jing Chen
The Rosen Law Firm, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
        jchen@@rosenlegal.com

*Counsel for Plaintiff*