# EXHIBIT 1

*Alejandro Handal and Donald Dominque v. Tenet Fintech Grp., Inc. f/k/a Peak Fintech Grp., Inc., Johnson Joseph and Jean Landreville*, E.D.N.Y., 1:21-cv-06461-PKC-RLM

# MEMORANDUM OF UNDERSTANDING

### CONFIDENTIAL SETTLEMENT DOCUMENT
### PURSUANT TO FED. R. EVID. 408

This binding Memorandum of Understanding ("MOU") is entered into between Defendants Tenet Fintech Group, Inc., f/k/a, Peak Fintech Group, Inc., ("Tenet" or "Company"), Johnson Joseph, and Jean Landreville (collectively, "Defendants"), on the one hand, and Lead Plaintiff Alejandro Handal and named plaintiffs Donald Dominique and Jack Hill ("Plaintiffs" and together with Defendants, "Parties"), on behalf of themselves and all members of the Settlement Class (defined *infra*) in the above-captioned action ("Action"), on the other hand.

This MOU memorializes the principal terms and conditions of a settlement ("Settlement") reached on April 8, 2024 through confidential, arms-length settlement negotiations among the Parties through Mediator Jed Melnick of JAMS. The Parties agree to settle all of Plaintiffs' and the Settlement Class's claims against Defendants under the following material terms:

1. Stipulation and Motion. The Parties shall use their best efforts to prepare and execute a stipulation of settlement ("Stipulation") on the terms herein and on additional customary terms within forty-five (45) days of execution of this MOU. This MOU, however, shall remain binding and enforceable if the Parties fail to execute the Stipulation in that time period. Plaintiffs shall file the Stipulation and unopposed motion for preliminary approval to the Court, after providing Defendants a reasonable opportunity to review and approve and shall use their best efforts to do so within twenty (20) days of execution of the MOU. The motion for preliminary approval shall include, among other things, a form of final order approving Settlement which contains a mutually-agreeable release on behalf of Plaintiffs and the Settlement Class of all claims that were or could have been asserted in the Action against the Defendants, substantially similar to paragraph 6 below. The Parties agree that these deadlines may be extended by mutual agreement.

2. Settlement Amount and Payment. In exchange for comprehensive, mutual "Releases" of all Parties, Defendants agree to pay or to cause the payment of the "Settlement Amount" to the Settlement Class as follows:

   a. $1,200,000, in cash ("Settlement Amount"), shall be paid by Tenet into an escrow account that Defendants' counsel, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Escrow") controls according to the following schedule ("Payment Period"): (i) Payment 1 of $200,000 by April 30, 2024; (ii) Payment 2 of $200,000 by June 30, 2024; (iii) Payment 3 of $240,000 by August 31, 2024; (iv) Payment 4 of $280,000 by October 31, 2024; (v) Payment 5 of $280,000 by December 31, 2024. Defendants' counsel shall notify Plaintiffs' counsel of each of such receipts within three (3) days of receipt of each payment. Within ten (10) days after Preliminary Approval of the Settlement, all amounts in the Mintz Escrow shall be transferred into the "Escrow Account" the "Claims Administrator" will establish on behalf of the Settlement Class. If the Court preliminarily approves the settlement in the midst of the Payment Period, Tenet shall continue depositing the outstanding payments directly into the Escrow Account according to the above payment schedule.

    b.    At any time before Payment 3, Tenet may choose to accelerate the remaining payments, paying in advance the entire Settlement Amount.

    c.    In addition, the Parties will negotiate, in good faith, provisions in the Stipulation that provide the Settlement Class with certain protections against the risk of the Company's bankruptcy and the prohibition of §547(b) of the Bankruptcy Code against preferences but without interfering with the Company's ability to borrow money in the ordinary course of business. In the event of the filing a bankruptcy petition by Tenet under Title 11 of the United States Code or any similar state, local or foreign law, voluntary or involuntary:

    i)    The Settlement Class will become senior creditors with top priority. To avoid any claw-back under §547, this priority will last until ninety (90) days after the Company makes the last payment to the Escrow Account, after which this priority will expire.

    ii)    A "Liquidated Settlement Amount" shall immediately be established at an amount equal to the unpaid portion of the Settlement Amount as of the bankruptcy petition date multiplied by two. For example, if at the time a bankruptcy petition, $400,000 has been paid into escrow by Tenet and not clawed back as a result of any rule against preferences, then the Liquidated Settlement Amount shall be $1,600,000 (calculated as $1,200,000 - $400,000, multiplied by 2). The Liquidated Settlement Amount shall be used for establishing the amount of Plaintiffs' claims in such bankruptcy proceeding and Plaintiffs' distribution concerning such Liquidated Settlement Account in connection with the bankruptcy, along with the amount previously paid into escrow by Tenet, shall establish Plaintiffs' recovery pursuant to this Settlement. In the event that Plaintiffs, individually or in concert with each other or any other creditor, commence an involuntary petition for bankruptcy against Tenet, this provision shall be null and void.

    iii)    During the Payment Period, if, in the ordinary course of business, the Company borrows or otherwise raises $3.5 million or less, gross, such borrowings may not have priority over other general unsecured claims in the event of bankruptcy (i.e., preferred or secured debt) unless the Company segregates from any such priority borrowing funds constituting not less than 50% of the amount of all the remaining Settlement Amount, using those funds to satisfy its obligations under this Settlement, if necessary. Nothing herein shall restrict the Company from raising capital by issuing general unsecured debt or additional common equity during the Payment Period.

    d.    This is not a claims-made settlement. The Settlement Amount is an all-in settlement number, with no right of reversion, meaning that the Settlement Amount includes all attorneys' fees, administration costs, notice costs, expenses, Settlement Class member benefits, and costs of any kind associated with the resolution of this matter, (with the exception of any costs and expenses related to the mailing requirements of the Class Action Fairness Act, if necessary, that Defendants will bear) and that no payor has any right to the remainder, if any, of the Settlement Amount.

    e.    If the Court does not approve the Settlement or if the Court's approval of the Settlement is overturned on appeal or if Defendants properly terminate the Settlement pursuant to paragraph 9 below, within fifteen (15) business days of the denial of final approval or Defendants' termination, Plaintiffs, through their counsel and the Claims Administrator, shall return the

Settlement Amount and any interest earned thereon to the source(s) of the Settlement Amount, pursuant to Defendants' instructions, less notice and administration expenses, as described below in paragraph 10 below. In that instance, the Parties will return to their litigation positions as of the date of this MOU.

3. **Class Action Contingency.** The Settlement is contingent upon a Court order: (1) certifying a Settlement Class defined as all persons who purchased or otherwise acquired Tenet common stock between September 3, 2021 and October 13, 2021, both days inclusive ("Class Period"), excluding (i) the officers and directors of Tenet and its affiliates and subsidiaries; (ii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; (iii) any entity in which Defendants have or had a controlling interest; and (iv) opt-outs; and (2) approving the Settlement on a class-wide basis and dismissing with prejudice all claims of all Settlement Class members against Released Parties.

4. **Effect of Non-Approval.** If the Court does not approve the Settlement, except as otherwise provided in this MOU, the Parties shall revert to their litigation positions as of the date of the MOU.

5. **Stay of Proceedings.** Within five (5) business days of the Parties' executing this MOU, the Parties will notify the Court in writing of the existence of the binding Settlement in principle, briefly describing the process and anticipated timing for achieving final approval, requesting a stay of further proceedings during the pendency of the Settlement process. If, during the pendency of the Settlement documentation process, the stay should be lifted, the Parties shall promptly seek a renewal of the stay pending proceedings in connection with pursuing Court approval of this Settlement.

6. **Release.** Upon final judicial approval of the Settlement, Defendants, and any and all of their related parties and all other parties customarily included in the broadest possible securities class action settlement release, including, but not limited to, insurers and reinsurers, shall receive a full, unconditional release from all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class asserted or could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions referred to in the operative complaint, and will include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. In addition, Defendants will release Plaintiffs, their counsel, and the Settlement Class for any liability relating to commencing and prosecuting this Action.

7. **Contribution Bar Contingency.** The entire Settlement is contingent upon entry of an appropriate bar order, consistent with the PSLRA, barring contribution claims against Defendants.

8. **No Admission.** This MOU provides and the Stipulation will expressly provide that Defendants make no admission of liability or wrongdoing, and an acknowledgement that each Defendant denies all wrongdoing. In addition, this MOU and the Stipulation provide that Plaintiffs and their counsel pursued this Action in good faith. Neither this MOU nor any other settlement-related document shall be deemed an admission of the validity or infirmity of any claim against any Defendant, or the liability or non-liability of any Defendant. Neither this

MOU nor any other settlement-related document may be used or offered in any proceeding for any purpose, except to enforce the terms of this Term Sheet or any stipulation of settlement in this action.

9. 

10. Notice and Administration Expenses. Before the "Effective Date" of the Settlement and without further order of the Court, up to $100,000 of the Settlement Fund may be used for notice to class members and related administrative costs, which shall be limited to reasonable costs. As described above in paragraph 2g, if the Court does not approve the Settlement, then Plaintiffs, by and through their counsel and the Claims Administrator, shall return the Settlement Amount to the payor as Defendants instruct within fifteen (15) business days of the Court's order denying approval, less any reasonable notice or administrative costs actually paid or incurred.

11. Plaintiffs' Attorneys' Fees and Costs and Administration of the Settlement Fund: Plaintiffs' counsel intend to apply to the Court for a fee award, plus expenses and costs incurred. Defendants agree to take no position with respect to the fee award application. Whatever amount the Court awards is within the sole discretion of the Court, and if the award is less than the amount Plaintiffs seek, it will have no impact whatsoever on the final approval of the Settlement. Plaintiffs' counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid from the Escrow Account within ten (10) days of the award by the Court, notwithstanding any appeals that may be taken, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to make full refunds or repayments to the Escrow Account plus interest earned thereon if the award is lowered or the Settlement is disapproved by a final order not subject to further review. Defendants shall have no responsibility for the payment or allocation of any attorneys' fees and costs, the distribution of the Settlement Fund, determination of claims, or any plan of allocation.

12. Defendants will not have any responsibility for, involvement in, or liability for the administration of the settlement, or the review of claims of class members. The settlement notice and claims process shall be administered by a Claims Administrator of Lead Counsel's selection, and subject to Court oversight. The Claims Administrator shall make available to Defendants, upon request, any records relating to the notices that were distributed and the claims that were submitted and/or approved.

13. Resolution of Disputes: If any disputes arise out of the finalization of the Settlement documents, those disputes will be resolved by mediation, first by way of expedited telephonic mediation and if unsuccessful, then by way of final, binding, non-appealable arbitration to Jed D. Melnick, Esq. of JAMS.

CONFIDENTIAL SETTLEMENT DOCUMENT
PURSUANT TO F.R.E. 408

14. Confidentiality: The parties agree that this MOU is confidential and, absent an agreement of the Parties permitting further disclosure, may be disclosed only to (1) the Parties and their counsel (2) Defendants' insurers and their counsel, regulators, and reinsurers, and (3) any disclosure required pursuant to applicable laws, including to any government regulator to whom Defendants determine that Tenet is obligated to disclose, or to whom Tenet determines in good faith it is advisable to disclose, as necessary to comply with applicable securities laws. For greater certainty, the Company may issue a press release announcing the existence of this MOU and its terms, including the payment obligations created hereby, that there is no admission of liability and that the settlement contemplated hereby requires court approval.

15. The settlement is subject to entry of a bar order constituting the final discharge of all obligations of the Defendants arising out of the Action and releases satisfactory to the Parties. The bar order shall be the broadest permitted under the PSLRA and Releases shall be broad enough to cover all claims that the Settlement Class asserted or could have asserted, including the claims in the Action, and shall release Defendants and related parties and bar all claims for contribution and indemnity, as allowed by law. The bar order shall not release any claim by the Defendants for insurance coverage.

16. The Parties may execute this MOU in counterparts, including by signature transmitted by facsimile or email. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument. This memorandum of settlement shall be deemed to be an original, and all such counterparts together shall constitute the same instrument. This memorandum of settlement shall be deemed to have been executed on the date set forth below.

17. Court Approval of Settlement: The Parties agree that if the Settlement provided for herein is not approved by the Court in accordance with the terms of this Agreement and does not become subject to a final order following such approval, then no class will be deemed certified by or as a result of this Agreement. The Parties further agree that if the Settlement provided for herein is not approved by the Court in accordance with the terms of this Agreement, the Parties agree to continue to negotiate in good faith an agreement with terms that are acceptable to the Court.

Dated: April 8, 2024

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

By: _____

Scott A. Rader
Douglas P. Baumstein
Nicholas A. Butto
919 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 935-3000
Email: SARader@mintz.com
   DBaumstein@mintz.com
   NAButto@mintz.com

*Attorneys for Defendants*

**THE ROSEN LAW FIRM, P.A.**

By: _____
Jacob A. Goldberg
Jing Chen
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com
   jchen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Settlement Class*

| | |
|---|---|
| **From:** | Baumstein, Douglas |
| **To:** | Jacob Goldberg |
| **Cc:** | Rader, Scott; Butto, Nicholas; Jing Chen |
| **Subject:** | RE: Handal v. Tenet Fintech |
| **Date:** | Friday, May 10, 2024 11:32:42 AM |

**[EXTERNAL EMAIL]**

Jacob,

Although we disagree as to your right to proceed against Messrs. Joseph and Landreville individually, defendants are agreeable to resolving any issues with a $10,000 additional payment per installment, with the first installment due on May 24, 2024.

**Douglas Baumstein**
*Member / Co-chair, Securities Litigation Practice*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
919 Third Avenue, New York, NY 10022
+1.212.692.6734
DBaumstein@mintz.com | Mintz.com



---

**From:** Jacob Goldberg <jgoldberg@rosenlegal.com>
**Sent:** Monday, May 6, 2024 4:33 PM
**To:** Baumstein, Douglas <DBaumstein@mintz.com>
**Cc:** Rader, Scott <SARader@mintz.com>; Butto, Nicholas <NAButto@mintz.com>; Jing Chen <jchen@rosenlegal.com>
**Subject:** RE: Handal v. Tenet Fintech

Hi, Doug. In the words of the great Steve Martin, it's impossible to stick a Cadillac up your nose. Increasing compensation to cover for a breach in a settlement agreement, not so much. As for "inappropriate," your clients pressed for MOU execution on April 8, 22 days before the first $200,000 installment, so they could inform the market of the settlement. Then they failed to pay. Now, they seek to extend a payment date by more than three weeks. Under the circumstances, "inappropriate" seems, well, inappropriate.

In any event, without compromising any other right, we can accept an additional $50,000, added to the settlement, $10,000 per installment. We can paper this in the Stipulation.

Also, please convey that the possible payor does not compromise our clients' right to pursue the individual defendants for failure of Defendants, collectively, to pay. That they may have a different view will not stop an enforcement proceeding against them should our clients so direct us.

Thanks, Doug.

_____

Jacob A. Goldberg

The Rosen Law Firm, P.A.

101 Greenwood Avenue, Suite 440

Jenkintown, PA  19046

Direct Dial: 267-589-9426

General Tel.: 215-600-2817

Fax: 212-202-3827

In New York: 212-686-1060

email: jgoldberg@rosenlegal.com

This email and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify Jacob A. Goldberg at (215) 600-2817 and permanently delete all copies of the email and any attachments.

---

**From:** Baumstein, Douglas <DBaumstein@mintz.com>
**Sent:** Monday, May 6, 2024 3:16 PM
**To:** Jacob Goldberg <jgoldberg@rosenlegal.com>
**Cc:** Rader, Scott <SARader@mintz.com>; Butto, Nicholas <NAButto@mintz.com>; Jing Chen <jchen@rosenlegal.com>
**Subject:** RE: Handal v. Tenet Fintech

**[EXTERNAL EMAIL]**

Jacob,

I have spoken to my client.  For various reasons, we do not believe it is appropriate or possible to change the settlement consideration.  Additionally, to be clear,  we believe you are incorrect that Mssrs. Joseph and Landreville are liable for the payment.  The MOU provides that the amounts owed "shall be paid Tenet."  Defendants agreed to cause the payment, which was impossible.

Nevertheless, and in an effort to reach agreement with a minimum of friction, we propose that the first payment be moved to May 24.  In consideration of your forbearance of remedies, our client will agree to reimburse the class for up to $25,000 of notice costs which, otherwise under the MOU, would reduce the settlement funds available for the class.

**Douglas Baumstein**
*Member / Co-chair, Securities Litigation Practice*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

919 Third Avenue, New York, NY 10022
+1.212.692.6734
DBaumstein@mintz.com | Mintz.com



**From:** Jacob Goldberg <jgoldberg@rosenlegal.com>
**Sent:** Friday, May 3, 2024 3:04 PM
**To:** Baumstein, Douglas <DBaumstein@mintz.com>
**Cc:** Rader, Scott <SARader@mintz.com>; Butto, Nicholas <NAButto@mintz.com>; Jing Chen <jchen@rosenlegal.com>
**Subject:** RE: Handal v. Tenet Fintech

Thanks, Doug. Understood. Apologies for the misread. It's a PP of up to $10mm. the $475,000 ($347,179 USD), however, seems to be cash recently received. Please transmit. We'll await your clients' response.

Best,
jag


_____

Jacob A. Goldberg
The Rosen Law Firm, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19046
Direct Dial: 267-589-9426
General Tel.: 215-600-2817
Fax: 212-202-3827
In New York: 212-686-1060
email: jgoldberg@rosenlegal.com

This email and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify Jacob A. Goldberg at (215) 600-2817 and permanently delete all copies of the email and any attachments.

**From:** Baumstein, Douglas <DBaumstein@mintz.com>
**Sent:** Friday, May 3, 2024 2:58 PM

**To:** Jacob Goldberg <jgoldberg@rosenlegal.com>
**Cc:** Rader, Scott <SARader@mintz.com>; Butto, Nicholas <NAButto@mintz.com>; Jing Chen <jchen@rosenlegal.com>
**Subject:** RE: Handal v. Tenet Fintech

**[EXTERNAL EMAIL]**

Jacob,

Before I forward this to my client, I should point out that the third tranche was not $12 million but was $2 million (Canadian). My understanding is that those proceeds were committed to essential operating expenses and that the expectation is that there will be a sizable capital raise in mid-May.

**Douglas Baumstein**
*Member / Co-chair, Securities Litigation Practice*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
919 Third Avenue, New York, NY 10022
+1.212.692.6734
DBaumstein@mintz.com | Mintz.com



**From:** Jacob Goldberg <jgoldberg@rosenlegal.com>
**Sent:** Friday, May 3, 2024 2:50 PM
**To:** Baumstein, Douglas <DBaumstein@mintz.com>
**Cc:** Rader, Scott <SARader@mintz.com>; Butto, Nicholas <NAButto@mintz.com>; Jing Chen <jchen@rosenlegal.com>
**Subject:** Handal v. Tenet Fintech


Doug: thanks for reaching out. We understand that Defendants are already in breach of our agreement, failing to deposit into the Mintz Escrow the first payment by April 30, 2024, as agreed. We note, however, that the company seems to have recently closed the third tranche of its private placement for over $12 million in gross proceeds,

https://webfiles.thecse.com/205809.pdf?GQUTKYm4Md9pqWv1uAPAEvVSZN6jhM1q

and received $475,000 in cash from Liang Qiu.

https://webfiles.thecse.com/205963.pdf?oZfNXObfiXYM_mEZ1S0wMYP_jZpUy9Dt

In addition, the MOU requires Defendants Joseph and Landreville to pay or cause to be paid—not just Tenet.

At this time, however, and without prejudice to Plaintiffs' ability to take further action as necessary, we are prepared to proceed with papering the Settlement and seeking preliminary approval with the following revision to Section 2. a. of the MOU and to 2.0 (a) of the

Stipulation of Settlement:

Settlement Amount and Payment. In exchange for comprehensive, mutual "Releases" of all Parties, Defendants agree to pay or to cause the payment of the "Settlement Amount" to the Settlement Class as follows:

1. $1,300,000, in cash ("Settlement Amount"), shall be paid by Tenet into an escrow account that Defendants' counsel, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Escrow") controls according to the following schedule ("Payment Period"): (i) Payment 1 of $220,000 by 5:00 P.M., EDT, May 17, 2024; (ii) Payment 2 of $220,000 by June 30, 2024; (iii) Payment 3 of $260,000 by August 31, 2024; (iv) Payment 4 of $300,000 by October 31, 2024; (v) Payment 5 of $300,000 by December 31, 2024. Defendants' counsel shall notify Plaintiffs' counsel of each of such receipts within three (3) days of receipt of each payment. Within ten (10) days after Preliminary Approval of the Settlement, all amounts in the Mintz Escrow shall be transferred into the "Escrow Account" the "Claims Administrator" will establish on behalf of the Settlement Class. If the Court preliminarily approves the settlement in the midst of the Payment Period, Tenet shall continue depositing the outstanding payments directly into the Escrow Account according to the above payment schedule.

Please let us know.

With thanks,
jag

---

Jacob A. Goldberg
The Rosen Law Firm, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19046
Direct Dial: 267-589-9426
General Tel.: 215-600-2817
Fax: 212-202-3827
In New York: 212-686-1060
email: jgoldberg@rosenlegal.com

This email and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify Jacob A. Goldberg at (215) 600-2817 and permanently delete all copies of the email and any attachments.

---

STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.